

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. C. C. Chessher, Chairman
Sub-Committee, Motor Transportation
Committee, House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-5241
Re: Effect of conflict of
State Motor Carrier Act,
Art. 911b, R.C.S. with
orders of Office of De-
fense Transportation, and
effect of a Resolution on
said statute.

We are in receipt of your letter of April 23, 1943,
with reference to Senate Concurrent Resolution No. 23, which
reads as follows:

"WHEREAS, The Office of Defense Transporta-
tion of the United States, for the purpose of con-
serving rubber and motor equipment, has promulgated
General Order O. D. T. No. 17 which provides, among
other things, in part 501, Subpart K, Section 501.69,
as follows:

"Sec. 501.69. (a) No motor carrier shall oper-
ate any motor truck in over-the-road service unless
it is loaded to capacity, except as follows:

"(2). On and after September 1, 1942, each
motor carrier and its representatives, including
the representative in immediate control and pos-
session of the truck, shall endeavor in good faith
prior to its departure from any point when empty
to lease or rent such truck consistent with any
prior commitments involved in the use of said truck

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. C. C. Chessher, Chairman, Page 2

en route, to another person for the transportation of property . . ."

"NOW, THEREFORE, BE IT RESOLVED, That Chapter 314, General Laws of the State of Texas, 41st Legislature, Regular Session, and amendments thereto, commonly known as the Motor Carrier Act of Texas, shall not be construed, for the period of time that the United States is engaged in war, or the Federal Government's Orders remain in force as to leasing of motor vehicles, to mean that it is a violation of said Act nor any amendment thereof for a private truck owner to lease or rent his truck to another person in compliance with said General Order O. D. T. No. 17, and that where one private truck owner has leased or rented his truck to another person in compliance with said General Order O. D. T. No. 17 and said truck is used and operated by said lessee, in the transportation of lessee's own property, neither the lessor nor the lessee shall be deemed to have violated said Motor Carrier Act nor any amendment thereof, and that neither the lessor nor the lessee in such case shall be deemed to be a common carrier or contract carrier under said Motor Carrier Act, as amended, regardless whether under the terms of the lease contract the lessor does or does not furnish the driver for the truck and regardless whether the lessor does nor does not agree, in whole or in part, to maintain and service the truck, provide gas, oil, tires, and pay other expenses necessary to operate the truck while the same is leased to lessee; and, be it further

"RESOLVED, That this Resolution be published to the Railroad Commission of Texas, the law enforcement officers and the courts of this state."

I.

Your first question reads as follows:

"1. Is the type of agreement for use of a Motor Truck belonging to a private truck owner and

Mr. C. C. Chessher, Chairman, Page 3

> another person, other than a common carrier, as
> set forth in this Resolution, in violation of
> the Motor Carrier Act at this time?"

We recently wrote an opinion, No. 0-5165, for Senator Metcalfe, Chairman of the Committee on Highways and Motor Traffic, Texas Senate, on this same resolution, a copy of which is attached hereto.

We quote the last paragraph thereof:

> "In case of conflict with the State's police
> power the federal war power is paramount thereto and
> controls. Therefore, our answer to your questions
> is that no truck owner, operator, lessor or lessee,
> whether or not he has a certificate of public con-
> venience and necessity or permit of the Railroad
> Commission, can be subjected to any of the fines and
> penalties provided for in the Texas Motor Carrier
> Act for using his truck in a particular manner if
> such action be required of him by a lawful order of
> the O.D.T., even though such order conflict with
> the terms of the Texas Motor Carrier Act."

## II.

By your second question you desire to know the effect of this resolution upon the Texas Motor Carrier Act. In our opinion the resolution cannot accomplish the result desired, because it is not possible to amend an act by resolution. In this connection the Texas Supreme Court in the case of Humble Oil & Refining Co. et al. v. State et al., 104 S.W. (2d) 174 said:

> " . . . . A statute cannot be amended by a
> resolution. It must be amended by re-enactment
> and publication at length, and by an act or bill
> which is subject to the veto power of the Governor."

APPROVED APR 26, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By David W. Heath
Assistant

APPROVED OPINION COMMITTEE BY BCOB CHAIRMAN

DWH:ff
Encl.